## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MARSHALL MCCLAIN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>MANATEE MEMORIAL HOSPITAL, LIMITED PARTNERSHIP, and TOTAL CREDIT RECOVERY, INC.,<br><br>*Defendants.* | CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Case No. |

## <u>CLASS ACTION COMPLAINT</u>

### <u>Preliminary Statement</u>

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls— 3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991,

known as the TCPA, generally prohibits robocalls to cell phones and home phones."
*Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.    Plaintiff Marshall McClain ("Plaintiff") brings this action under the TCPA alleging that Total Credit Recovery, Inc. ("Defendant Total Credit") called the Plaintiff using a pre-recorded voice. The call was made without the call recipient's prior express written consent.

3.    Because the call was transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal calls.

4.    A class action is the best means of obtaining redress for the Defendant's illegal calling conduct and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.    Plaintiff is an individual.

6.    Defendant Manatee Memorial Hospital, Limited Partnership ("Defendant Manatee") is a Florida company, located in this District, that contracted with Defendant Total Credit Recovery, Inc. in this District to make pre-recorded calls on its behalf.

2

7.    Defendant Total Credit is a corporation headquartered in Las Vegas, Clark County, Nevada.

## Jurisdiction & Venue

8.    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9.    This Court has personal jurisdiction over Defendants because Defendant Manatee is located in this District and over Total Credit because it contracted with Manatee in this District to make the calls at issue.

10.   Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this suit, namely, the illegal pre-recorded calls complained of, were organized from this District.

## The Telephone Consumer Protection Act

11.   In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12.   The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to

3

any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

## Factual Allegations

14. Defendant Total Credit sends pre-recorded message calls to the cell phones on behalf of its clients.

15. This includes Defendant Manatee, who hired Defendant Total Credit to make those pre-recorded calls.

16. Plaintiff's telephone number, (443) XXX-XXX, is a non-commercial telephone number.

17. The Plaintiff acquired that telephone number on February 26, 2024.

18. The telephone number is assigned to a cellular telephone service.

19. Plaintiff has never been a customer of the Defendants, nor provided his phone number to the Defendants.

20. Despite that, the Plaintiff received at least one pre-recorded call from Total Credit as requested by Manatee on June 5, 2024 from caller ID (844) 867-1555.

21. The pre-recorded message stated:

4

Hello, we are calling from the billing department with an important message. Please call us at your earliest convenience.  We can be reached at 800-889-6638, Monday through Friday, 9 am to 7 pm Eastern Standard Time.  Thank you.

22.     The call was clearly pre-recorded because (a) there were awkward pauses between sentences; (b) the script was generic and not personalized; and (c) the robot had a monotone and artificial-sounding voice.

23.     The aforementioned call to Plaintiff was unwanted.

24.     The call was a nonconsensual encounter.

25.     Plaintiff's privacy has been violated by the above-described call.

26.     Plaintiff never provided his consent or requested the call.

27.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

28.     Moreover, the call injured Plaintiff because it was frustrating, obnoxious, annoying, a nuisance and disturbed the solitude of Plaintiff and the class.

29.     Defendant Manatee engaged Defendant Total Credit for the purpose of collecting debts and communicating with consumers on Manatee's behalf, including through outbound telephone calls.

30. Defendant Total Credit acted as Defendant Manatee's agent when placing calls concerning Manatee accounts and did so within the scope of the authority granted by Defendant Manatee.

31. Defendant Manatee provided or caused to be provided the consumer account information, telephone numbers, and other data used by Defendant Total Credit to place the calls complained of herein.

32. The calls placed by Defendant Total Credit were made for the benefit of Defendant Manatee and furthered Defendant Manatee's business interests by attempting to collect amounts allegedly owed to Defendant Manatee.

33. Defendant Manatee knew or should have known that Defendant Total Credit utilized prerecorded voice technology in connection with calls placed regarding Manatee accounts.

34. Despite having the authority and ability to supervise, modify, or halt Defendant Total Credit's calling practices, Defendant Manatee failed to prevent the unlawful prerecorded calls alleged herein.

35. Defendant Manatee accepted and retained the benefits of Defendant Total Credit's collection efforts, including collection activity performed through the calls at issue.

6

36.    By knowingly accepting the benefits of Defendant Total Credit's calling activities and failing to repudiate or prohibit those activities, Defendant Manatee ratified Defendant Total Credit's conduct.

37.    Accordingly, Defendant Manatee is vicariously liable for the TCPA violations committed by Defendant Total Credit under principles of actual authority, apparent authority, agency, and ratification.

## Class Action Statement

38.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

39.    Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

40.    Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Total Credit Robocall Class:** All persons throughout the United States (1) to whom Total Credit, or a third party acting on their behalf, placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Total Credit customer's accountholder, (3) in connection with which Total Credit used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

> **Total Credit Manatee Robocall Sub-Class:** All persons throughout the United States (1) to whom Total Credit, or a third party acting on their behalf, placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned

to a Total Credit's customer's accountholder, (3) in connection with which Total Credit used an artificial or prerecorded voice, (4) while calling on behalf of Manatee (5) from four years prior to the filing of this case through the date of class certification.

41.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

42.     Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

44.     This Class Action Complaint seeks injunctive relief and money damages.

45.     The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

46.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

47. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

48. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

49. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

50. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendants made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

b. Whether Defendants' conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

51. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

52. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and

9

his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

53.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

54.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

55.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(b)) on behalf of the Robocall Classes**

56.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein in paragraphs 1-55.

57.    The Defendants violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and

10

members of the Robocall Class using a pre-recorded messages without their prior express written consent.

58.    As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

59.    The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendants' actions are found to have been knowing or willful.

60.    Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendants from using a pre-recorded voice in the future, except for emergency purposes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Injunctive relief prohibiting Defendants from using artificial or pre-recorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B.    That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

11

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

**PLAINTIFF,** individually and on behalf of a class of all persons and entities similarly situated.

Date:  June 15, 2026.                    Respectfully submitted by:

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar No. 84382)*
**KAUFMAN PA**
237 S Dixie Highway Ste 455
Coral Gables, FL 33133-4824
Telephone: (305) 469-5881
kaufman@kaufmanpa.com

*Counsel for Plaintiff and the Proposed Class*

*\* Lead Attorney*

12